```
                                            VOLUME: 4 of 4
                                            PAGES: 695-706

                   UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA        )    CRIMINAL ACTION NO.
                                )    2:18-cr-12
           vs.                  )
                                )
RANDY SHELTRA,                  )
           Defendant.           )




                          JURY TRIAL
                   Friday, December 11, 2020
                      Burlington, Vermont




BEFORE:

     THE HONORABLE CHRISTINA C. REISS,
     District Judge




APPEARANCES:

BARBARA A. MASTERSON, ESQ., and ANDREW C. GILMAN, ESQ., U.S.
     Attorney's Office, 11 Elmwood Avenue, 3rd Floor, P. O. Box
     570, Burlington, VT 05402-0570, Counsel for the Government

MARK A. KAPLAN, ESQ., Kaplan and Kaplan, 95 St. Paul Street,
     Suite 405, Burlington, VT 05402-0405, Counsel for the
     Defendant

The Defendant appearing in person



                    Johanna Massé, RMR, CRR
                     Official Court Reporter
                         P. O. Box 5852
                     Burlington, VT 05402
           802-951-8102 | 802transcripts@gmail.com
```

INDEX

MISCELLANEOUS

|  | PAGE |
|---|---|
| Jury Note 1 | 697 |
| Jury Note 2 | 698 |
| Verdict | 701 |

1  Friday, December 11, 2020
2      (The following was held in open court without the jury
3  present at 9:36 AM.)
4          COURTROOM DEPUTY:  Your Honor, the matter before the
5  Court is criminal case number 18-CR-12-1, United States of
6  America vs. Randy Sheltra.  Representing the Government are
7  Assistant United States Attorneys Barbara Masterson and Andrew
8  Gilman; representing the defendant is Mark Kaplan; and we are
9  here for a jury trial.
10         THE COURT:  Good morning.  Now you will never trust my
11 powers of prediction because I was like, don't worry about a
12 thing, they won't be coming back to us till 9:30, and I arrived
13 and there was a note.
14     This is the note:  "Question:  On the morning of the 1st
15 day of trial, the prosecuting attorney introduced into evidence
16 a slide that showed Mr. Sheltra had downloaded sex videos,
17 'Taboo Family.'  It was only mentioned again at the end of the
18 3rd day of the trial (Friday); I believe the defense attorney
19 objected.
20     "Can the jury consider this as evidence of Mr. Sheltra's
21 interest in 'taboo'?
22     "Thanks --
23     "Connie Warren."
24     I was planning on answering this that "You can consider
25 all of the facts and circumstances and all the admissible

1  evidence in determining Mr. Sheltra's intent."
2       Any objection to that response?
3           MS. MASTERSON:  No, your Honor.
4           MR. KAPLAN:  No, your Honor.  That's fine.
5           THE COURT:  All right.  So -- Dave, could you come and
6  be my note person?
7       And, Jen, do you have some tape for me, please?  Somebody
8  have tape?
9           COURTROOM DEPUTY:  I do, Judge.  Thank you.
10          THE COURT:  Anything from either the Government or the
11 defendant at this time?
12          MS. MASTERSON:  No, your Honor.
13          MR. KAPLAN:  No, your Honor.
14          THE COURT:  All right.  Thank you.
15      (A recess was taken, after which the following was held in
16 open court without the jury present at 10:32 AM.)
17          THE COURT:  We are back on the record in United States
18 of America vs. Randy Sheltra.
19      We have another note from the jury, and it reads as
20 follows:  "The fourth element of counts one and two requires
21 that 'if the proposed sexual activity had occurred, the
22 defendant would have violated a criminal law.'
23      "In order to meet that burden, does the term 'violated'
24 mean that the defendant would have had to be found guilty in a
25 court of law of violating that statute?"

1     And it's signed by the jury foreperson.

2     I propose to answer the instruction as follows, and then
3  I'll hear from you:  "The jury instructions must be your guide.
4  They do not require Mr. Sheltra to have been found guilty in a
5  court of law for violating the statute.  They ask you to
6  determine whether a criminal statute would have been violated
7  had he completed an attempt."

8          MS. MASTERSON:  That's fine with the Government, your
9  Honor.

10         MR. KAPLAN:  Judge, I would think that it would be
11 more appropriate to just say that the jury instructions are
12 your guide, this is what they require, and not give an opinion
13 as to whether or not it requires a conviction.  They can read
14 the jury instructions for themselves.

15         THE COURT:  Well, one thing is when somebody asks me a
16 question, I like to ask it -- answer it directly, and the jury
17 instructions do not require him to be found guilty in a court
18 of law for violating the statute.  I don't want to leave it
19 just as that, because it's clear they must find that he would
20 have violated a criminal law had he completed the attempt.  So
21 I could leave it at "The jury instructions must be your guide.
22 They do not require Mr. Sheltra to have been found guilty in a
23 court of law for violating the statute."

24    I could leave it at that.  Or I can add the additional
25 sentence, "They ask you to determine whether a criminal statute

```
 1  would have been violated had he completed an attempt."  Or you
 2  can suggest additional language.
 3          MR. KAPLAN:  I'm not sure there's a huge difference,
 4  but probably the first one.
 5          THE COURT:  Okay.  So no -- no further explanation?
 6      How do you feel about that?
 7          MS. MASTERSON:  With just the first sentence that the
 8  Court read?  That's fine with the Government as well.
 9          THE COURT:  All right.  And we'll get you -- Ms. Ruddy
10  will get you copies of all the notes.  So it will say, "The
11  jury instructions must be your guide.  They do not require Mr.
12  Sheltra to have been found guilty in a court of law for
13  violating a criminal statute."
14      Any objections to that?
15          MS. MASTERSON:  No, your Honor.
16          MR. KAPLAN:  No, your Honor.
17          THE COURT:  Anything else to bring to my attention?
18          MS. MASTERSON:  No, your Honor.  Thank you.
19          MR. KAPLAN:  No, your Honor.  Thank you.
20      (A recess was taken, after which the following was held in
21  open court without the jury present at 12:46 PM.)
22          THE COURT:  We are back on the record in United States
23  of America vs. Randy Sheltra.
24      The jury has informed the Court that it has a verdict, so
25  we are going to bring back the jurors and have the foreperson
```

1 announce the jury verdict.
2      Mr. Kaplan knows this, but, Mr. Sheltra, when the jury
3 verdict is read, you stand.  You don't have to stand now.  I'm
4 just telling you that that's the protocol when it's read.
5      Anything to bring to my attention before we bring back the
6 jury?
7           MS. MASTERSON:  No, your Honor.  Thank you.
8           MR. KAPLAN:  No, your Honor.
9           THE COURT:  Let's do that.
10      (The following was held in open court with the jury
11 present at 12:50 PM.)
12           THE COURT:  We are back on the record in United States
13 of America vs. Randy Sheltra.
14      The jury has informed the Court it has a verdict.  I'm
15 going to ask Madam Foreperson to stand and read the verdict.
16      You don't have to read the caption.  You just read
17 everything below it.
18           JUROR WARREN:  So "Count One," and read underneath
19 that?
20           THE COURT:  Yes, please.
21           JUROR WARREN:  "Count One:  As to the charge of using
22 a facility of interstate commerce to knowingly attempt to
23 persuade, induce, entice, or coerce a minor to engage in sexual
24 activity for which Defendant RANDY SHELTRA could be charged
25 with a criminal offense, do you unanimously find Defendant

1  RANDY SHELTRA: Guilty.
2      "Count Two: As to the charge of using a facility of
3  interstate commerce to knowingly attempt to persuade, induce,
4  entice, or coerce a minor, E.R., to engage in sexual activity
5  for which Defendant RANDY SHELTRA could be charged with a
6  criminal offense, do you unanimously find Defendant RANDY
7  SHELTRA: Guilty."
8      And "Count Three: As to the charge of knowingly
9  attempting to receive any visual depiction that had been
10 shipped and transported in or affecting interstate or foreign
11 commerce by any means, including by computer, where the
12 production of such visual depiction involved the use of a minor
13 engaging in sexually explicit conduct and the visual depiction
14 was of such conduct, do you unanimously find Defendant RANDY
15 SHELTRA: Guilty.
16     "SO SAY WE ALL.
17     "Constance Warren."
18         THE COURT: Thank you.
19     Does the Government wish to poll the jury?
20         MS. MASTERSON: No, your Honor.
21         THE COURT: Does the defendant wish to poll the jury?
22         MR. KAPLAN: Yes, your Honor.
23         THE COURT: All right. What will happen is I will
24 call out your name and I will ask you a question: "Is this
25 your verdict?"

1      Eugene Bergman, is this your verdict?
2              JUROR BERGMAN:  Yes.
3              THE COURT:  Ashlyn Zoecklein, is this your verdict?
4              JUROR ZOECKLEIN:  Yes.
5              THE COURT:  Patricia Thomas, is this your verdict?
6              JUROR THOMAS:  Yes.
7              THE COURT:  Constance Warren, is this your verdict?
8              JUROR WARREN:  Yes.
9              THE COURT:  Erin Medick, is this your verdict?
10             JUROR MEDICK:  Yes.
11             THE COURT:  Scott Mackey, is this your verdict?
12             JUROR MACKEY:  Yes, your Honor.
13             THE COURT:  Francis O'Neill, is this your verdict?
14             JUROR O'NEILL:  Yes, your Honor.
15             THE COURT:  Sarah Herzburg, is this your verdict?
16             JUROR HERZBURG:  Yes.
17             THE COURT:  Byron Marlow, is this your verdict?
18             JUROR MARLOW:  Yes, your Honor.
19             THE COURT:  Sean Somers, is this your verdict?
20             JUROR SOMERS:  Yes, your Honor.
21             THE COURT:  Dana Visser, is this your verdict?
22             JUROR VISSER:  Yes.
23             THE COURT:  Gary Vu, is this your verdict?
24             JUROR VU:  Yes, your Honor.
25             THE COURT:  The Court enters judgment in accordance

with the jury's verdict.

Ladies and gentlemen of the jury, I thank you for being here and performing your civic duties in these difficult circumstances. I was, as I said, delighted that you were all willing to come back into the courtroom and perform that duty. We could not do it without you. I thank you on behalf of the District of Vermont and the parties in this case for your time and attention.

If you will wait for me, I will thank you in person. I promise to keep it brief. I promise I will do that in no less than five minutes. I need to talk to the attorneys about something before I come back. But you are free to go back into the deliberations room, and I'll have the attorneys and the parties remain in the courtroom.

(The jury was excused, after which the following was held in open court at 12:54 PM.)

THE COURT: Mr. Sheltra, you have a right to appeal the jury's verdict, and before the right of appeal is implicated, you have a right to file posttrial motions.

Mr. Kaplan, any request for any particular deadline other than that set forth in the Criminal Rules of Civil Procedure for posttrial motions?

MR. KAPLAN: I would request 60 days, your Honor.

THE COURT: Sixty days. Any objection to that from the Government?

1            MS. MASTERSON:  No, your Honor.
2            THE COURT:  I will give you 60 days to file posttrial
3 motions.
4     In the event that you appeal this conviction, Mr. Sheltra,
5 you have a right to appointed counsel.  If you cannot afford
6 counsel, as I said, we will appoint it for you.  You have a
7 right to file the appeal *in forma pauperis*, which means that
8 you -- we would waive the cost of an appeal.  You may ask the
9 clerk of the court to file the notice of appeal on your behalf.
10 It generally needs to be filed within 14 days of the date that
11 final judgment is entered on the record.
12     Anything further in this matter?
13            MS. MASTERSON:  Your Honor, would the Court let Mr.
14 Sheltra know that his right to appeal the judgment will be
15 after sentencing, which will be set at a time in the future.
16            THE COURT:  Yes.  I should have pointed that out.  So
17 when I'm talking about final judgment, we do everything so that
18 you can appeal everything at the same time, and it would come
19 after sentencing.
20            THE DEFENDANT:  Okay.
21            THE COURT:  I'm going to wait to decide the
22 postjudgment motions, I'll set a sentencing date, we'll
23 complete the entire case, but this is my opportunity to let you
24 know about your appellate rights, and I will let you know about
25 them at sentencing as well.

1           THE DEFENDANT:  Thank you, your Honor.
2           THE COURT:  Thank you for your courtesy and
3  cooperation.  We could not have done this without attorneys
4  that were willing to come back into the courtroom and perform
5  their duties in these challenging circumstances.
6       And I'm going to talk briefly with the jury.  I never
7  speak about the case or any of the facts in the case or -- I
8  just ask them if there are things that we missed in orientation
9  that they wished they had heard, and I thank them for their
10 service in person.
11      So I will go back and do that, and you are, of course,
12 free to leave at this point in time.  Thank you.
13      (Court was in recess at 12:56 PM.)
14
15
16                      C E R T I F I C A T I O N
17      I certify that the foregoing is a correct transcript from
18 the record of proceedings in the above-entitled matter.
19
20
21 January 25, 2021         _____
22                             Johanna Massé, RMR, CRR
23
24
25

*Johanna Massé* — Digitally signed by Johanna Massé, Date: 2021.01.25 11:44:01 -05'00'